142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric J. HOLDEN, Petitioner-Appellant,
v.
Denise TEMPLETON, Superintendent, Palmer Correctional
Facility, Respondent-Appellee.
 Nos. 97-35425, 97-35662.
D.C. No. CV-96-00266-HRH.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the District of Alaska, H. Russel Holland, Chief Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this consolidated appeal, Alaska state prisoner Eric J. Holden appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. Holden also appeals the denial of his motion to reinstate the petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Coe v. Thurman, 922 F.2d 528, 530 (9th Cir.1990), and affirm.
 
 
 3
 Holden contends that the district court erred by dismissing his petition for failure to exhaust state remedies because his federal due process rights have been violated by the Alaska state court's failure to expeditiously process his direct appeal. This contention lacks merit because any continuing delay in deciding Holden's direct appeal is not yet excessive enough to amount to a due process violation. Cf. id. at 529, 531-32 (excusing exhaustion requirement where petitioner's direct appeal had not been decided four years after notice of appeal was filed and petitioner demonstrated defense would be impaired in the event of retrial).[1]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Holden's request for judicial notice is granted, and his motion for appointment of counsel is denied